THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| STEVEN SHOCKEY | * | CIVIL ACTION NO. 04-2374 |
|---|---|---|
| Versus | * | JUDGE JAMES |
| POLAR CORP, ET AL | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion for Summary Judgment (Doc. #46) filed by Defendant, Weyerhaeuser Company. For the reasons stated below, it is recommended that the motion be **GRANTED.**

On March 5, 2004, Plaintiff Steven Shockey ("Shockey"), an operator of an 18-wheeler owned by CTL Corporation, was delivering a chemical product to the Weyerhaeuser Company ("Weyerhaeuser") facility in Campti, Louisiana. The product was contained in a tank trailer with a side-mounted ladder system manufactured by Polar Corporation ("Polar").

The process of delivering the product to the Weyerhaeuser facility required Shockey to attach a drain line from the bottom of the tank trailer to a hose connected to the Weyerhaeuser tanks. After attaching the drain line, Shockey ascended the ladder to hook an air hose to a fitting at the top of the tank trailer in order to force the product out of the drain line at the bottom of the tank trailer. After the trailer was emptied, Plaintiff ascended the ladder to unhook the air hose from the top of the trailer. Upon descending the ladder after unhooking the hose, the second rung from the top of the ladder broke causing Shockey to fall and break his right leg and injure his left leg. Shockey underwent surgery to repair his right leg.

Shockey alleges that Polar is liable for manufacturing a defective ladder, failing to warn, failing to correct the defect, and failing to prevent the defect; Shockey alleges that Weyerhaeuser is liable for failing to conform to safety standards in that it failed to provide safety measures for Shockey, such as safety harnesses, when climbing onto tanks. Weyerhaeuser has filed the Motion for Summary Judgment (Doc. #46) currently before the Court.

## LAW AND ANALYSIS

**Summary Judgment Standard**

Summary judgment is appropriate when the evidence before the Court shows that no genuine issue as to any material fact exists and that the moving party is entitled to judgment as a matter of law. F.R.C.P. Rule 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" under this standard if the non-moving party has presented sufficient evidence that a reasonable jury could return a verdict in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden in summary judgment and must demonstrate through portions of the pleadings, depositions, answers to interrogatories, admissions and/or affidavits that no genuine issue of material fact exists. *Celotex Corp.*, 477 U.S. at 323. Once the moving party has successfully demonstrated the absence of a genuine issue of material fact, the burden shifts to the non-moving party to show the opposite. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In doing so, the non-moving party may not merely rely on the allegations and conclusions contained within the pleadings; rather, he "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). Furthermore,

these specific facts must be shown through something more than "some metaphysical doubt as to the material facts, by conclusory unsubstantiated allegations, or by a mere scintilla of evidence." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Plaintiff has alleged his injuries were caused by the negligence of Weyerhaeuser.

> In order to determine whether a plaintiff should prevail on a claim in negligence, Louisiana courts employ a duty-risk analysis. *Perkins v. Entergy Corp.,* 00-1372, (La.3/23/01), 782 So.2d 606. A duty-risk analysis involves five elements which must be proved by the plaintiff: (1) proof that the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) proof that the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) proof that the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) proof that the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) proof of actual damages (the damages element). *Bonin v. Ferrellgas Inc.,* 2003-3024 p. 5 (La.7/2/04), 877 So.2d 89, 94; *Perkins v. Entergy Corp,* 00-1372 p. 7, 782 So.2d at 611; and *Boykin v. La. Transit Co., Inc.,* 96-1932, pp. 8-9 (La.3/4/98), 707 So.2d 1225, 1230.
>
> A proper duty-risk analysis involves identifying (1) the duty imposed upon the defendant by statute or rule of law and (2) the conduct by defendant that allegedly constituted a breach of that duty. *Boykin,* 96-1932 p. 9, 707 So.2d at 1230.

*Long v. State ex rel. Dept. of Transp. and Development*, 916 So.2d 87, 101 (La. 2005).

A negative answer to any of the inquiries of the duty-risk analysis results in a determination of no liability. *Mathieu v. Imperial Toy Corp.*, 646 So.2d 318, 326 (La. 1994).

A review of the evidence reveals that Weyerhaeuser did not owe a duty to Shockey. Weyerhaeuser did not own or maintain the ladder or the trailer to which it was attached. Plaintiff has failed to show that Weyerhaeuser owed him any duty while he was climbing up the ladder. Prior to this incident, neither Plaintiff nor his employer had ever asked or demanded that Weyerhaeuser provide Plaintiff with a safety apparatus before climbing the ladder attached to the

3

trailer.  Shockey testified that he has performed the same type of activity at hundreds of other plaints and only one plant had a safety device to attach to the trailer.  Plaintiff further testified that he never refused to work at Weyerhaeuser because of the lack of safety equipment.  Weyerhaeuser did not conduct safety inspections of trucks or trailers owned and operated by third parties which entered the Weyerhaeuser premises.  Steven Craig, a corporate representative of CTL Corporation testified that CTL had no requirement that third parties inspect their vehicles upon entering property owned or controlled by the third party.

Plaintiffs filed an Opposition to the Motions for Summary Judgment (Doc. #64) filed by both Weyerhaeuser and Polar.  However, the Opposition does no more than mention the motion filed by Weyerhaeuser.  Plaintiffs have failed to point to any evidence in opposition to Weyerhaeuser's motion.

For the reasons stated above, **IT IS RECOMMENDED** that Weyerhaeuser's Motion for Summary Judgment (Doc. #46) be **GRANTED** and all claims against Weyerhaeuser be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE**

**SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 28th day of March 2006.

*/s/ Karen L. Hayes*
KAREN L. HAYES
U. S. MAGISTRATE JUDGE