
RECEIVED
IN MONROE, LA
MAY 2 5 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| STEVEN SHOCKEY | CIVIL ACTION NO. 04-2374 |
| VERSUS | JUDGE ROBERT G. JAMES |
| POLAR CORP., ET AL. | MAG. JUDGE KAREN L. HAYES |

### RULING

This is a products liability action filed by Plaintiff Stephen Shockey ("Shockey") against Defendant Polar Corp. ("Polar"). Shockey, a truck driver, was injured during the course of his employment while descending a ladder attached to his truck. Polar is the manufacturer of the ladder.

Pending before the Court is a Motion for Summary Judgment [Doc. No. 44] filed by Polar. Shockey has opposed the motion. *See* [Doc. No. 64].

On April 20, 2006, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 70], in which she recommended that the Motion for Summary Judgment be denied, but that the Court strike Shockey's design defect claim as untimely.

On April 28, 2006, both parties filed objections to the Report and Recommendation [Doc. Nos. 73 and 74].

Having reviewed the entire record in this matter, including the objections, the Court ADOPTS IN PART and DECLINES TO ADOPT in part Magistrate Judge Hayes' Report and Recommendation. The Court ADOPTS her recommendation on the Motion for Summary Judgment, but DECLINES TO ADOPT her recommendation that Shockey's design defect claim

be stricken as untimely.

In the Report and Recommendation, Magistrate Judge Hayes found that the language of the petition could not be read to include a design defect and that Shockey denied in his deposition that he was asserting a design defect. Because the Court's deadline for amendment to pleadings is long past, she recommends that the claim be stricken.

Shockey objects to Magistrate Judge Hayes' recommendation. First, Shockey argues that his petition was drafted broadly enough to include both design and manufacturing defect claims. Although the Petition alleges only that Polar "manufactur[ed] a defective ladder and plac[ed] same into the stream of commerce for use by truck drivers," Shockey cites the Court to Louisiana Revised Statute 9:2800.53, which defines terms under the Louisiana Products Liability Act ("LPLA"). Under this statute, "[m]anufacturing a product" is defined as "producing, making, fabricating, constructing, designing, remanufacturing, reconditioning or refurbishing a product." Because "manufacturing a product" includes "designing a product," Shockey alleges that his claim that Polar manufactured a defective ladder includes a claim that the ladder was defectively designed.

Second, even if the language of the Petition does not encompass a design defect claim, Shockey argues that it would be a miscarriage of justice for the Court to refuse him leave to amend the complaint. Although the deadline for amendment of pleadings passed in November 2005, Shockey points out that Polar's counsel has known at least since January 6, 2006, that Shockey's expert, Bryan Durig, determined the ladder to be defectively designed. During a deposition of Shockey's expert, Polar's counsel stated, "you were looking not only at design issues, but also manufacturing or composition issues." Shockey also notes that he has complied

with the Scheduling Order otherwise, while Polar has requested and obtained numerous extensions.

Third, Shockey points to discovery responses to show that Polar knew even before his expert report was provided that design was an issue. In July 2005 discovery responses Polar identified two engineers who would testify to "design, manufacture, labeling, and testing of trailers and ladders."

Finally, Shockey argues that Magistrate Judge Hayes improperly relied on his characterization of his products liability claim because he should not be held to the standard of a lawyer. Shockey argues that he could not know the particular theories under the LPLA, and he had not been "privy to any design documents for the ladder."

Shockey argues that the Court should either find the language of his Petition sufficient to assert a design defect claim or permit him to amend the Petition.

A motion to amend a complaint or petition is within the sound discretion of the Court. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982). Under Federal Rule of Civil Procedure 15(a), amendments to pleadings should be "freely given when justice so requires." Further, under Rule 15(b), the Court may even permit amendment to the pleadings at trial if "when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense on the merits." Fed. R. Civ. P. 15(b).

The Court agrees with Magistrate Judge Hayes that Shockey did not appear to assert a design defect claim in his Petition. Even if the LPLA defines "manufacturing defect" to include design, a plaintiff's petition or claim should be drafted plainly under Rule 8, so that a defendant

3

is not required to refer to the governing statute to determine what claims might be applicable.

However, the Court disagrees with Magistrate Judge Hayes' reliance on Shockey's statement during his deposition that he was not asserting a design defect claim. As a layperson, Shockey was not qualified to determine what type of products liability claims were available to him in this case, particularly when, as he points out, he had not been provided with design documents.

Further, the Court finds that it is in the interest of justice to allow amendment when there is no prejudice to Polar. The record reflects that Polar was aware that Shockey intended to present evidence to support a design defect claim several months ago, but failed to raise the issue until the eve of trial.

Accordingly, Shockey is ordered to amend his petition no later than May 31, 2006, to assert a design defect claim under the LPLA.

MONROE, LOUISIANA, this 24 day of May, 2006.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE